UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM GIBSON,<br>    Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br>    Defendants. | Civil No. 3:20-cv-953 (KAD) |

**MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (ECF Nos. 22, 26)**

Kari A. Dooley, United States District Judge

    The plaintiff, William Gibson ("Gibson"), filed this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement and his medical treatment during the COVID-19 outbreak. Defendants Rodriguez, Hines, Thibeault, Cook, and Moore move to dismiss the deliberate indifference to medical needs claims against them on the ground that Gibson failed to plausibly allege their personal involvement in the alleged constitutional deprivations. Defendant Cook also moved to dismiss the conditions of confinement claims against him on the same ground. For the following reasons, the motions to dismiss are granted.

**Standard of Review**

    To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability

requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* However, when reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

**Facts**

The following facts, relevant to the claims that are the subject of the motions to dismiss, are taken from the Complaint. During the relevant time period, Gibson was confined at Osborn Correctional Institution. Defendants Warden Rodriguez, Deputy Warden Hines, Deputy Warden Thibeault, Commissioner Cook, and Counselor Supervisor Moore (hereinafter "the defendants") were all supervisory officials.

On March 13, 2020, the Osborn Correctional Institution ("Osborn") instituted a modified lockdown as a result of the COVID-19 outbreak. Doc. No. 1 ¶ 1. Correctional staff, however, did not wear masks and did not have their temperatures taken before beginning a shift. *Id.* ¶ 2.

On April 26, 2020, Gibson was housed in C-block, a housing unit with a COVID-19 outbreak. *Id.* ¶ 3. On that date, the unit was quarantined, *i.e.*, placed on a full lockdown. *Id.* Gibson alleges that defendants Rodriguez, Thibeault, and Hines knew about the outbreak but did not order asymptomatic inmates to be tested for COVID-19 or remove the inmates who tested positive for COVID-19 from the housing unit. *Id.* The defendants did not institute any protocols to prevent Gibson from contracting COVID-19. *Id.* ¶ 4. Gibson asked Warden Rodriguez about this when he toured the housing unit. *Id.*

On April 28, 2020, Gibson complained and wrote requests to defendants Rodriguez, Thibeault, and Hines stating, that the inmates were sick and needed to be tested and quarantined,

and that he could feel the coughs and sneezes in his cell. *Id.* ¶ 5. Gibson alleges that he was unable to socially distance and was not provided bleach and adequate cleaning supplies or an adequate mask, and his cell had inadequate ventilation. *Id.*

On May 11, 2020, the emergency lockdown was lifted, and C-block was taken off quarantine. *Id.* ¶ 6. During the 14-day quarantine period, inmates were not permitted to shower or recreate outside of their cells. *Id.* When the quarantine was lifted, inmates still complaining of COVID-19 symptoms were not tested. *Id.* ¶ 7. Inmates with COVID-19 were allowed to gather with inmates who did not have the virus. *Id.* Between April 19, 2020 and May 11, 2020, Gibson repeatedly asked defendants Rodriguez and Thibeault to transfer him to a different housing unit so he would not contract COVID-19. *Id.* ¶ 17. They ignored his requests. *Id.*

On May 13, 2020, there was a second COVID-19 outbreak in C-block. *Id.* ¶ 8. The defendants failed to follow social distancing guidelines. *Id.* When Gibson complained to defendants Moore, Hines, and Thibeault, they ignored his concerns and told him to lock up in his cell. *Id.* On May 14, 2020, defendants Rodriguez and Hines came to C-block with a medical team and offered COVID-19 tests to all inmates. *Id.* ¶ 9. Gibson took the test. *Id.* The following day, defendants Rodriguez and Thibeault told the inmates that some inmate who had tested positive would be moved to B-block to be quarantined and others would remain in C-block under quarantine. *Id.* ¶ 10. Gibson had tested positive and was moved to B-block. *Id.*

Gibson was not provided any medical attention in B-block. *Id.* ¶ 11. Although he complained that he could not breath, and suffered headaches, body aches, and sweats, medical staff would not provide him Motrin. *Id.* They took his vital signs and told him that the virus would "work its course." *Id.*

**Discussion**

As an initial matter, the Court notes that consideration of the defendants' motions to dismiss is not precluded by the fact that the Court permitted the claims to proceed on initial review. *See Smalls v. Wright*, No. 3:16-cv-2089(JCH), 2017 WL 3474070, at *4 (D. Conn. Aug. 11, 2017) ("[T]his court is not bound by its decision in its Initial Review Order .... Although initial review orders may dismiss claims ... a district court may not be able to make that determination without the 'benefit of an adversarial presentation.'") (internal citation omitted); *Torres v. McGrath*, No. 3:15-cv-1558(VLB), 2017 WL 3262162, at *5 n.2 (D. Conn. July 31, 2017) ("The fact that this Court previously ruled that the plaintiff stated a plausible ... claim ... has no bearing on its current decision to dismiss the claim."). This is especially true where, as here, there has been an intervening change in the law.

The defendants contend that Gibson fails to allege facts establishing their personal involvement in his claims for deliberate indifference to medical needs. They also argue that Gibson fails to establish defendant Cook's involvement in the conditions of confinement claim.

**Deliberate Indifference to Medical Needs**

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Gibson must show both that his need was serious, and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The defendants' argument focuses on the second element of the test, which requires that the defendants be actually aware of a substantial risk that Gibson would suffer serious harm as a result of their actions or inactions. *Spavone*, 719 F.3d at 138.

The defendants are all supervisory officials. The Second Circuit has recently clarified the standard to be applied to a claim of supervisory liability. *Tangreti v. Bachman*, ___ F.3d ___, 2020 WL 7687688 (2d Cir. Dec. 28, 2020). Prior to the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Second Circuit had identified five categories of conduct that would establish liability of supervisors for the conduct of a subordinate in a section 1983 action. *Tangreti*, 2020 WL 7687688, at *5 (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). In *Iqbal*, however, the Supreme Court rejected a theory of supervisory liability that permitted a supervisor to be "held liable based on a lesser showing of culpability than the constitutional violation requires." *Id.* (quoting *Iqbal*, 556 U.S. at 677) (internal quotation marks omitted). The plaintiff must "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at *6 (quoting *Iqbal*, 556 U.S. at 676).

In *Tangreti*, the Second Circuit held that, "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). At issue in *Tangreti* was an Eighth Amendment claim for deliberate indifference to safety. The court held that the plaintiff must show that the defendant violated the Eighth Amendment through her own conduct, not her supervision of others. *Id.*

Thus, Gibson must allege facts showing that the defendants were personally aware of and disregarded his medical issues. Upon review of the Complaint, Gibson's allegations regarding his medical needs implicate only defendants Kennedy and Wright and other medical staff not named as defendants. *See* Doc. No. 1 ¶¶ 11, 19, 23. Gibson does not allege that defendants Rodriguez, Hines, Thibeault, Cook, and Moore were aware of his medical issues or any facts

5

from which such an inference could be drawn. Accordingly, the defendants' motion to dismiss is granted as to the claims for deliberate indifference to medical needs against them.

**Conditions of Confinement**

In addition, Defendant Cook moves to dismiss the claim for unconstitutional conditions of confinement against him. To state an Eighth Amendment claim for unconstitutional conditions of confinement, Gibson must allege facts supporting an objective element—that "the deprivation was sufficiently serious that he was denied the minimal civilized levels of life's necessities"—and a subjective element—that the defendant "acted with a sufficiently culpable state of mind, such as deliberate indifferent to inmate health or safety." *Washington v. Artus*, 708 F. App'x 705, 708 (2d Cir. 2017) (summary order) (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted)). To satisfy the subjective component of the deliberate indifference test, Gibson must allege that the defendant knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185-86 (2d Cir. 2002) (defendant must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and … dr[e]w that inference"). Negligent conduct does not meet this standard. *Farmer*, 511 U.S. at 835. Again, Cook's argument focuses on the second element of the test.

Cook contends that Gibson fails to allege facts showing that he was actually aware of his conditions of confinement. Gibson does not allege that he spoke to defendant Cook or that defendant Cook was stationed at the facility or visited Gibson's housing unit. Gibson repeatedly alleges that he spoke or wrote only to the other supervisory defendants about his concerns. *See* Doc. No. 1 ¶¶ 4, 5, 8, 13, 17. The only specific reference to defendant Cook is a notation in

Gibson's log, which is attached to the Complaint, stating that he wrote to defendant Cook but received no response. *Id.* at 20.

Even if the Court were to assume that defendant Cook received and read the letter, that fact is insufficient to state a claim against defendant Cook. *See Delee v. Hannigan*, 729 F. App'x 25, 32 (2d Cir. 2018) (affirming dismissal of supervisory liability claims for lack of personal involvement on motion to dismiss; "decision not to act on a letter he received from an inmate [is] insufficient to establish personal involvement by a supervisor") (citation omitted). The defendants' motion to dismiss is granted as to the conditions of confinement claim against defendant Cook.

**Conclusion**

The defendants' motions to dismiss [**Doc. Nos. 22, 26**] are **GRANTED**. All claims against Commissioner Cook and the claims for deliberate indifference to medical needs against defendants Rodriguez, Hines, Thibeault, and Moore are dismissed. The case will proceed on the conditions of confinement claims against defendants Rodriguez, Hines, Thibeault, and Moore and all claims against defendants Wright and Kennedy.

**SO ORDERED** this 1st day of February 2021 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge